UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| THOMAS CHAPMAN,        ) | |
| ) | |
| Plaintiff,        ) | |
| ) | Case No. 1:14-cv-267-HSM-SKL |
| v.        ) | |
| ) | |
| JET MALL, LLC, JACK DUBOSQUE,        ) | |
| and ELWYN OWEN,        ) | |
| ) | |
| Defendants.        ) | |

### REPORT AND RECOMMENDATION

Before the Court is a motion seeking an award of a reasonable attorney's fee and costs [Doc. 26], which was filed with a memorandum in support [Doc. 27] by Plaintiff Thomas Chapman. None of the Defendants have filed a response to the motion. The motion was referred for disposition pursuant to 28 U.S.C. § 636(b)(3) [Doc. 28]. For the reasons explained below, I **RECOMMEND** that Plaintiff's motion [Doc. 26] be **GRANTED IN PART AND DENIED IN PART**, in that Plaintiff be awarded a reasonable attorney's fee in the amount of $6,747.00 and costs in the amount of $552.83, for a total award of $7,299.83 plus interest according to law.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his complaint on September 8, 2014, alleging, *inter alia*, that Defendants had violated the Fair Labor Standards Act ("FLSA") and breached an employment agreement by failing to pay him for all hours worked, for overtime hours worked, and for unreimbursed business expenses [Doc. 1]. Plaintiff's complaint sought an award of an attorney's fees under both the employment agreement and the FLSA [*Id.* at Page ID # 4-5]. After Defendants failed to appear, Plaintiff sought and obtained entry of default and a default judgment against each

Defendant [Docs. 23, 24 & 25], awarding him the sum certain of $67,444.79, plus costs and interest according to law ("Default Judgment"). On February 19, 2015, Plaintiff filed a motion seeking an award of a reasonable attorney's fees [Doc. 26].

Plaintiff seeks an attorney's fee and costs in the amounts of $26,977.92 and $552.83, respectively, for a total of $27,530.75 [*Id.* at Page ID # 95]. These sums represent forty percent of the Default Judgment plus litigation expenses, sums he argues he is entitled to per the fee agreement[1] between him and Plaintiff's counsel [*Id.* at Page ID # 93-94]. Plaintiff argues that "[a]s the collectability of the Default Judgments is as of yet undetermined, a contingency fee of forty [percent] (40%) is an appropriate and reasonable fee" as counsel "is bearing the risk that attorneys fee may not be recoverable at all against the Defendants." [Doc. 26 at Page ID # 94].

---

[1] The fee agreement between Plaintiff and his counsel provides:

> Our fees for professional services will be based primarily on the amount of time expended on your behalf and on the billing rate for each attorney devoting time to the matter. My current hourly billing rate is $250.00. Billing rates are reviewed annually and may change over the course of our representation; rate increases, if any, will usually occur at the beginning of the calendar year. For purposes of this representation, this hourly rate will apply to all pre-lawsuit legal work. In the event that we find it necessary to file a lawsuit with respect to this matter, any post-filing legal work will be performed on a contingency basis, by which you will not be responsible for paying any hourly fees; however, you will be responsible for all litigation expenses, and we will be entitled to a contingency fee in the amount of forty percent (40%) of all monies recovered as a part of the lawsuit. Moreover, in the event that a contractual provision for the payment of attorney fees is recognized by the court and attorney fees are awarded on that basis, our attorney fees will be paid pursuant to that provision, and you will not be responsible for payment of any contingency percentage.

[Doc. 26-1 & 26-2].

Alternatively, Plaintiff seeks an award of a reasonable attorney's fee in the amount of $6,747.00 for 26.5 hours of legal work expended on the litigation as of February 19, 2015, the date the motion at issue was filed, plus $552.83 in litigation expenses [Doc. 26 at Page ID # 94-95].

II.   ANALYSIS

The FLSA provides for an award of a reasonable attorney's fee to a successful plaintiff. *See* 29 U.S.C. § 216(b) ("The court in such actions shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ."). The use of the word "shall" makes the award mandatory; however, the amount of fee awarded is at the court's discretion. *See Farmer v. Ottawa Cnty.*, No. 98-2321, 2000 WL 420698, at *7 (6th Cir. Apr. 13, 2000); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). The purpose of the FLSA provision is to "insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances" and, as such, a court should not focus excessively on the amount of the plaintiff's recovery when determining a reasonable fee. *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984).

The FLSA does not address how to determine the reasonableness of a requested fee, but the United States Court of Appeals for the Sixth Circuit has approved the use of the "lodestar" method, by which the Court should multiply the number of hours reasonably spent on the case by a reasonable hourly rate. *Garcia v. Conway*, No. 3:10-cv-01069, 2011 WL 6778258, at *1 (M.D. Tenn. Dec. 23, 2011) (citing *Moore v. Freeman*, 355 F.3d 558, 565-66 (6th Cir. 2004)). The burden of establishing the reasonableness of the fee is on the fee applicant. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The district court may adjust the fee downward where the documentation of hours is inadequate and counsel includes hours that were not "reasonably

3

expended" in the request, such as those that are "excessive, redundant, or otherwise unnecessary . . . ." *Id.* at 433-34.[2]

Addressing the impact of a contingent-fee agreement and the application of the lodestar method in a civil rights action, the Supreme Court held:

> The defendant is not, however, required to pay the amount called for in a contingent-fee contract if it is more than a reasonable fee calculated in the usual way. . . . And we have said repeatedly that "[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." The courts may then adjust this lodestar calculation by other factors. We have never suggested that a different approach is to be followed in cases where the prevailing party and his (or her) attorney have executed a contingent-fee agreement. To the contrary, in *Hensley* and in subsequent cases, we have adopted the lodestar approach as the centerpiece of attorney's fee awards. The *Johnson* factors may be relevant in adjusting the lodestar amount, but no one factor is a substitute for multiplying reasonable billing rates by a reasonable estimation of the number of hours expended on the litigation.

*Blanchard v. Bergeron*, 489 U.S. 87, 93-94 (1989) (citations omitted).

Here, Plaintiff argues that the Court should determine the reasonableness of the attorney's fee on the basis of his contingent-fee agreement with his attorney or, alternatively, the

---

[2] In addition to this guidance, the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) have traditionally been used to further assess the reasonableness of the "lodestar" amount. *See Heriges v. Wilson Cnty, Tenn.*, No. 3:09-cv-0362, 2010 WL 4116719, at *12 (M.D. Tenn. Oct. 19, 2010) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). These factors are "(1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Id.* The United States Supreme Court has recognized, however, that many of the factors are "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n.9.

billing rate and hours expended on the litigation. I **FIND** the lodestar calculation is the most appropriate method for the Court's assessment of a reasonable attorney's fee in this case. The existence of a contingent-fee agreement in the present case is only one of the factors this Court may consider if adjustment of the lodestar calculation is deemed proper. *See Blanchard*, 489 U.S. at 94. Furthermore, the contingent-fee agreement in this case entitles counsel to "forty percent (40%) of all monies recovered as a part of the lawsuit," [Doc. 26-2 at Page ID # 103] and, while an award has been made, no recovery of monies has occurred yet.

While the Court sympathizes with Plaintiff's attorney's predicament and his desire to be awarded a fee based on the contingency aspect of the fee agreement, federal fee shifting statutes typically do not provide for enhancements of fees in order to compensate for the risk of nonpayment when an attorney takes a case on a contingency basis. *City of Burlington v. Dague*, 505 U.S. 557, 562-63 (1992) (federal fee shifting statutes which authorize a court to award reasonable attorney's fee to a prevailing or substantially prevailing party do not authorize fee enhancements for the purpose of compensating attorneys hired on a contingency basis for the risk of loss); *see also Davis v. Mutual Life Ins. Co. of N.Y.*, 6 F.3d 367, 381 (6th Cir. 1993) (No fee enhancement due counsel for taking a case which impinges significantly on a small practice's ability to take other cases); *Coulter v. Tennessee*, 805 F.2d 146, 149 n.4 (6th Cir. 1986) ("In short, the lodestar figure includes most, if not all, of the relevant factors comprising a 'reasonable' attorney's fee, and it is unnecessary to enhance the fee for superior performance in order to serve the statutory purpose of enabling plaintiffs to secure legal assistance.") (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)). Nor has Plaintiff provided any authority to support his position that the difficulties of collection are to be considered.

5

In addition, this report does not address any contractual obligations of Plaintiff to his attorney; it deals only with what the losing Defendants must pay the Plaintiff, whatever might be the substance of the contract between the Plaintiff and his attorney. The entitlement of a prevailing party to an award of an attorney's fee belongs to the prevailing party rather than his attorney and it is generally accepted that statutory awards can coexist with private fee arrangements. *See, e.g.*, *Venegas v. Mitchell*, 495 U.S. 82, 82 (1990).

Plaintiff's counsel seeks an hourly rate of $250 for 14.3 hours expended on the litigation in 2014 and an hourly rate of $260 for 12.2 hours expended in 2015, for a total of $6,747 [Doc. 26-1 at Page ID # 98-100]. Considering the Chattanooga, Tennessee legal market, hourly rates this Court has approved in the past, the type of case handled by Plaintiff's counsel, and his extensive experience in the field of wage and hour cases, I **FIND** the $250 and $260 hourly rates to be entirely reasonable. Likewise, after thoroughly reviewing the time entries submitted by Plaintiff's counsel [Doc. 26-3 at Page ID # 106-108, 110-115], I **FIND** the expenditure of twenty-six and one-half hours on the litigation to date to be quite reasonable.

Lastly, Plaintiff's counsel seeks $552.83 in costs. This sum is comprised of $400 for the filing fee, $22.83 for postage, and $130 for service of process to Defendants [Doc. 26-3 at Page ID # 109]. These are ordinary litigation expenses, and I therefore **FIND** $552.83 in costs to be reasonable.

## III. CONCLUSION

Having carefully reviewed Plaintiff's arguments and material submitted in support of the motion, I **RECOMMEND** that Plaintiff's motion be **GRANTED IN PART AND DENIED IN PART**, in that Plaintiff be awarded an attorney's fee in the amount of $6,747.00 and costs in the

amount of $552.83 for a total award of $7,299.83 plus interest according to law.[3]

                                                            s/ *Susan K. Lee*
                                                            SUSAN K. LEE
                                                            UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).